# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00574-CR

**Raymond McDonald, Jr., Appellant**

**v.**

**The State of Texas**

---

**FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
NO. 541178, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**

---

Appellant Raymond McDonald, Jr., appeals his conviction for cruelty to animals. *See* Tex. Penal Code Ann. § 42.09(a)(3) (West Supp. 2001). After a jury found him guilty, McDonald's attorney and the prosecuting attorney agreed on a punishment of fifty days of confinement to be served on weekends. In this appeal, McDonald alleges that the evidence presented at trial was insufficient to establish two elements of the offense and insufficient to support the punishment, that he was denied a punishment hearing and a chance to present mitigating evidence before sentencing, that the trial court erred in not admonishing McDonald as to the range of punishment, and that he personally did not agree to the sentence. We conclude that the evidence was factually sufficient to support the verdict and that McDonald voluntarily agreed to the sentence; therefore, the sufficiency of the evidence for the punishment is irrelevant. We also determine that after entering into a

punishment agreement, McDonald was not entitled to present evidence or have a punishment hearing and that the court's failure to admonish was not error.

## FACTUAL BACKGROUND

On July 24, 1999, McDonald stopped his van on the side of the road in front of the Holly Street power plant near an entrance to the Town Lake Hike and Bike Trail. McDonald opened the back doors of the van, pulled out a black bag, and dropped it on the ground next to the van. A puppy came out of the bag and ran toward the trail. Two security guards from the power plant witnessed these events. One guard approached McDonald and told him to take the dog with him. McDonald refused, saying "[t]hat dog ain't even mine." McDonald presented evidence at trial showing that his son's friend had found the stray dog and placed it in the van without McDonald's knowledge. McDonald and his wife were on their way to the grocery store when his wife first heard a noise coming from the back of the van. McDonald stopped the van by the trail to investigate. He opened the rear doors and saw a black bag that was moving. McDonald testified that he became scared, grabbed the bag, and dropped it on the ground, which is when the puppy jumped out.

The security guards reported the incident to animal control, and an investigator interviewed McDonald at his house three days later. According to the investigator, McDonald first denied knowing of the incident, then acknowledged that a friend of his son's had brought the puppy over and because it was not his dog, McDonald had taken it away. When the investigator indicated that lack of ownership did not excuse abandoning a dog, McDonald changed his story again to indicate he only discovered the dog in his van when he was driving to the store with his wife and was so startled he let it loose at the trail. McDonald maintained at trial that he did not know about the

2

puppy's presence in his van until after he left home. The investigator determined otherwise from the interview and all the facts, concluding that McDonald found the puppy and intended to drive it to a remote area to abandon it because it did not belong to him.

McDonald was found guilty of cruelty to animals under section 42.09(a)(3) of the Texas Penal Code, which states: "A person commits an offense if he intentionally or knowingly . . . abandons unreasonably an animal in his custody." *Id.* Following the jury verdict, the judge addressed the issue of punishment.

| | |
|---|---|
| The Court: | It's my understanding that in the event of this verdict, the State and the Defense have discussed an agreement on punishment; is that correct? |
| [Prosecutor]: | Yes, Your Honor. |
| The Court: | Okay. And what would that agreement be? |
| [Prosecutor]: | The agreement would be 50 days in the Travis County Jail with court costs. |
| The Court: | Is that the agreement, Defense? |
| [Defense Attorney]: | Yes, Your Honor, with the understanding that he be allowed to do weekends. |
| The Court: | All right. At this time, Mr. McDonald, I will sentence you to 50 days and costs of court. |

The trial record reflects no objections to punishment by McDonald.

**DISCUSSION**

*The Offense*

McDonald contends that the evidence is not factually sufficient to support a finding beyond a reasonable doubt that he had custody of the puppy or that his leaving the puppy at the trail was unreasonable, under the terms of the statute. *See id.* McDonald also argues that the evidence is not factually sufficient to support the punishment. In a factual sufficiency review, we view all the evidence in a neutral light favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We may only set aside the jury's verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 11.

The jury was not required to believe McDonald's assertion that he did not know about the puppy and had nothing to do with putting it in his van. The animal cruelty inspector testified that, based on all the facts, he believed that McDonald found the puppy earlier and intentionally drove to the trail to abandon it because it was not his dog. Considering the conflicting evidence, and McDonald's differing stories to the inspector, the jury could have reasonably found that McDonald put the dog in his van and intentionally drove to the isolated area to abandon it. Even if the jury determined that McDonald discovered the dog in his van and then let it go at the trail entrance, a finding that he exercised sufficient "custody" over the animal to violate the statute is not unreasonable. Custody may be interpreted as guarding or keeping, or taking immediate charge and control; the term is elastic. *See Black's Law Dictionary* 384 (6th ed. 1990); *Webster's Third New International Dictionary* 559 (1966). A reasonable jury could determine that McDonald had

4

immediate charge and control of the puppy if he discovered it in his van and then decided to leave it in a remote area.

Similarly, the jury's finding that McDonald's abandonment of the dog was unreasonable is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. There was evidence that the puppy was sick and that no one was around to accept responsibility for its care where McDonald left it. A reasonable jury could have found that leaving a puppy in a greenbelt area without food or care was an unreasonable act. Even though the puppy was not his, McDonald was required to remove it by calling the authorities to pick it up or by taking it to a shelter, rather than dumping it. Because there is sufficient evidence to uphold the jury's finding that McDonald committed the offense, we overrule the first issue on appeal.

### *The Punishment*

McDonald asserts that he did not agree to the punishment but offers no evidence of objection to the punishment agreement reached between the prosecuting attorney and his attorney. The record reflects McDonald's voluntary agreement to fifty days' confinement through his attorney. Matters not present in the record provide no basis for an appellate court to make a decision, and the mere allegation of the existence of other facts may not be considered on appeal. *Russell v. State*, 711 S.W.2d 114, 117 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd). Absent additional evidence, this Court may not reverse on this issue. *See id.*

The assertion that the evidence is factually insufficient to support punishment of fifty days' confinement is irrelevant because both the prosecuting attorney and McDonald's defense attorney agreed to the punishment. While this punishment agreement seems excessive based on the

evidence in this case,[1] the fact that it was entered into voluntarily by the defendant through his attorney prevents us from examining the factual sufficiency of the evidence with respect to punishment. *Cf. Jones v. State*, 931 S.W.2d 35, 37 (Tex. App.—Houston [1st Dist.] 1996, no pet.). McDonald was present and did not object to the agreed sentence. As long as a sentence is within the proper range of punishment, it will not be disturbed on appeal, *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984), no matter how harsh it may appear under the circumstances of the offense.

McDonald argues that he was denied a punishment hearing, was denied a chance to present evidence pertinent to punishment, was not admonished as to the range of punishment available for the offense, and did not agree to the sentence. Article 37.07 of the Code of Criminal Procedure states that

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act . . . .

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2001). The court of criminal appeals has determined that article 37.07 requires the trial court to afford a defendant the opportunity to present evidence regarding punishment after it has found the particular defendant guilty. *Borders v. State*, 846 S.W.2d 834, 835-36 (Tex. Crim. App. 1992). In *Borders*, the court of criminal appeals also determined that defense counsel does not waive the right to present punishment evidence by not

---

[1] There is no evidence of harm to the puppy. Additionally, McDonald was sixty-nine years old at the time of trial and had a heart condition requiring medication.

6

objecting at trial if she preserves the error by raising the objection in a motion for new trial. *Id.* at 836. In the instant case, McDonald did not raise an objection regarding the denied opportunity to present evidence or have a punishment hearing in his motion for new trial, so the error was not preserved. Additionally, even if the error had been preserved, McDonald would not have been entitled to a hearing on punishment because he voluntarily agreed to fifty days' confinement. A hearing with a chance to present evidence regarding punishment is purposeless when the defendant enters into a punishment agreement with the State.

McDonald's argument that he was not admonished about the range of punishment for the offense is unsound. Article 26.13(a)(1) of the Code of Criminal Procedure states that "[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of . . . the range of the punishment attached to the offense." Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2001). This statute applies when a defendant enters a plea of guilty but does not apply when a defendant is found guilty by a jury, as McDonald was in this case. Additionally, article 26.13 does not apply to misdemeanors. *Empy v. State*, 571 S.W.2d 526, 529 (Tex. Crim. App. 1978). The court's failure to admonish McDonald is not reversible error. We overrule all issues on appeal challenging the punishment.

## CONCLUSION

The evidence is factually sufficient to support the jury's verdict that McDonald exercised custody over this stray dog and unreasonably abandoned it. When viewed in light of other cases in which animals are affirmatively hurt or neglected, McDonald's actions do not seem to merit

7

fifty days' confinement.  However, because he voluntarily agreed to the punishment, we overrule all his appellate complaints concerning punishment and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:    July 26, 2001

Publish