TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00037-CR






Elizabeth Bernadette Ball, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DENTON COUNTY, 367TH JUDICIAL DISTRICT


NO. F-2001-0874-E, HONORABLE JOHN G. STREET, JUDGE PRESIDING







 Appellant Elizabeth Bernadette Ball appeals her conviction for a third degree
felony--operating a motor vehicle in a public place while intoxicated. See Tex. Pen. Code Ann.
§§ 49.04, 49.09(b) (West Supp. 2002). The jury assessed appellant's punishment at five years'
imprisonment.


Points of Error

 Appellant advances four points of error. First, she contends that the trial court erred
in denying her motion to suppress an intoxilyzer expert's testimony. Second, appellant urges that
the trial court erred in improperly instructing the jury on the law after receiving a note from the jury
during its deliberations. Third, appellant asserts that the trial court erred in denying his motion to
dismiss the case because of the "destruction of exculpatory and material evidence." Fourth,
appellant argues that the trial court erred in denying his motion for an instructed verdict because of
the "failure of proof of the enhancement paragraphs in the indictment." We will affirm the judgment
of conviction.


Indictment

 The indictment in pertinent part charged that appellant on or about March 3, 2001,
did then and there:


drive and operate a motor vehicle in a public place, while the said defendant was then
and there intoxicated, to wit: not having the normal use of [her] mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a drug, or
a combination of two or more of those substances into the body, or having an alcohol
concentration of 0.08 or more.



(Emphasis added).

 The indictment also charged two prior DWI or OWI convictions for enhancement
purposes--a 1993 conviction in Denton County and a 1995 conviction in Tarrant County.


Background

 On March 3, 2001, at approximately 11:00 p.m., Texas Department of Public Safety
Trooper Clair Barnes was on patrol in Denton County when he saw a white Ford automobile,
traveling ahead of him, commit two traffic violations, including running a stop sign. Barnes initiated
a traffic stop and found appellant behind the wheel of the automobile. Barnes observed that
appellant's eyes were glassy, that there was an odor of alcohol on her breath, and that her speech was
slurred. Appellant told Trooper Barnes that she had consumed two beers, after which she went to
a bar to pick up her boyfriend and when he did not want to leave, she left. When appellant got out
of the car, she swayed and had difficulty maintaining her balance. Appellant failed three field
sobriety tests. Barnes concluded that appellant was intoxicated and had lost the normal use of her
physical and mental faculties.

 Appellant was arrested at 11:35 p.m. and taken to the Denton County jail. Barnes
read the statutory warnings to appellant and requested that she give a breath test. She agreed. 
Barnes, a certified intoxilyzer operator, performed the test on an Intoxilyzer 5000. A technical
supervisor informed the jury that appellant's two breath tests revealed alcohol concentration of 0.139
and 0.132 grams per 210 liters of breath; that these tests were taken at 1:07 a.m. and 1:10 a.m. on
March 4, 2001; and these tests showed an alcohol concentration exceeding 0.08 which is the legal
standard of intoxication in Texas. In his opinion, appellant was intoxicated and had lost the normal
use of her mental and physical faculties. The State proved the prior convictions by certified copies
of judgments and sentences along with the testimony of a fingerprint expert that appellant's known
prints were identical to the prints in the certified court documents.

 Ms. Dean Roberts, a defense witness, testified that she was a friend and co-worker
of appellant, that appellant was at her house between 8:00 and 10:00 p.m. on March 3, 2001, that
appellant had entered her house with a beer but had nothing else to drink for two hours; and that
appellant was not intoxicated at the time. The witness stated that appellant had a hip injury and
limped when she walked. Amanda Roberts, daughter of Dean, testified that she was at the J. Bar on
the night in question, and that appellant came to the bar at approximately 10:00 p.m. and left at 10:30
p.m. Amanda testified that at the time appellant was not intoxicated and she had nothing to drink
at the bar but water. She worked with appellant and knew appellant had a hip injury and limped
when walking.

 At the conclusion of the guilt/innocence stage of the trial, the jury returned a general
verdict finding appellant guilty "as alleged in the indictment." When different theories of the offense
as alleged are submitted to the jury in the disjunctive, as they were in the instant case, a general
verdict is sufficient if the evidence supports one of the theories. See Fuller v. State, 827 S.W.2d 919,
931 (Tex. Crim. App. 1992); Kitchens v. State, 823 S.W.2d 256, 257-58 (Tex. Crim. App. 1991).


The Motion To Suppress

 In the first point of error, appellant complains that the trial court erred in denying her
motion to suppress an intoxilyzer expert from testifying as to the retrograde extrapolation of her
intoxication. "Retrograde extrapolation is the computation back in time of the blood alcohol level
that estimates the blood alcohol level at the time of driving on a test from some later time." Mata
v. State, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001); Price v. State, 59 S.W.3d 297, 300 (Tex.
App.--Fort Worth 2001, pet. ref'd).

 The matter was first broached in a pretrial hearing on appellant's "motion in limine
to preclude the bad-faith admission of any intoxilyzer evidence before the jury." The State
disclaimed any intention of using retrograde extrapolation evidence in the prosecution of the case. 
The trial court overruled the particular motion before it but advised appellant's counsel that it would
permit voir dire examination at trial of any alleged intoxilyzer expert witness prior to his testimony. 
Counsel then announced that the motions to suppress regarding an intoxilyzer expert would be urged
at trial since voir dire examination would be available. There was no ruling obtained on any pretrial
motion to suppress evidence.

 At trial, the State called Alvin Finkley, a certified technical supervisor, who taught
the use, maintenance, and repair of the Intoxilyzer 5000. Appellant took Finkley on voir dire
examination in the absence of the jury. It was established that Finkley was to testify to the
maintenance of the intoxilyzer machine on which the breath test was conducted and the results of
that test. Finkley disclaimed any ability to testify about retrograde extrapolation evidence. He would
not speculate whether the test results of 0.132 was higher, lower, or the same at the time appellant
was operating a motor vehicle.

 At the conclusion of the voir dire examination, contrary to her contention on appeal,
appellant objected to the admissibility of the intoxilyzer testing, its results, and Finkley's testimony,
because Finkley could not relate what appellant's blood alcohol would have been two hours before
the breath test when she was operating a motor vehicle. The trial court overruled appellant's
objection.

 In Price, the court held:


 In his second point, appellant complains that the trial court erred in admitting the
results of the breath test because the State failed to provide a retrograde extrapolation
to relate the breath test back to the time of appellant's alleged driving under the
influence of alcohol. Retrograde extrapolation is not required to admit intoxilyzer
tests results, however, if other evidence proves beyond a reasonable doubt that a
person was intoxicated when the offense occurred. See Forte v. State, 707 S.W.2d
89, 94-95 (Tex. Crim. App. 1986) (holding that defendant committed DWI offense
without consideration of extrapolation evidence); O'Neal v. State, 999 S.W.2d 826,
832 (Tex. App.--Tyler 1999, no pet.) (determining that extrapolation not required
to find defendant guilty of intoxication per se).



Price, 59 S.W.3d at 300. Price supports the trial court's ruling.


 Appellant's reliance upon Mata is misplaced. There, the Court of Criminal Appeals
established the factors that must be shown before retrograde extrapolation evidence is admissible. 
46 S.W.3d at 915-16. The operating while intoxicated conviction was reversed because the trial
court abused its discretion in admitting that part of the State's expert's testimony pertaining to
retrograde extrapolation of Mata's blood alcohol content. The factors in Mata weighed against the
reliability of that part of the expert's testimony. Id. at 917. Mata does not hold that admissible
retrograde extrapolation evidence is a predicate to admit intoxilyzer results. 

 Appellant withdrew his pretrial motion to suppress evidence. There is no trial court
ruling on such motion of which appellant can complain. The State did not offer retrograde
extrapolation evidence nor was such evidence a predicate to prove intoxication as alleged. 
Appellant's double-edged argument is without merit. Appellant's first point of error is overruled.


A Supplemental Instruction?

 In the second point of error, appellant presents the question: "Whether or not the trial
court erred by instructing the jury on the law in a note to the jury during deliberations." Specifically,
appellant complains that the trial court, over objection, instructed the jury on the law and included
the contents of a form (DIC24) that had never been admitted into evidence.

 During jury deliberations at the guilt/innocence stage of the trial, a note was received
from the jury which was read into the record by the trial court: "By law, should she [defendant] have
been informed that she had the right to refuse a field sobriety test and the breathalyzer test? Could
we have a copy of the form used to read to her in the intoxilyzer room?"

 A colloquy followed the reading of the note as to what procedure to follow. Both
parties agreed that Trooper Barnes testified that he had warned appellant of the ramifications of the
intoxilyzer test if the results were above the legal limit and the consequences of refusing the test. 
There was much confusion about whether form DIC23 (sworn report) or form DIC24 (warnings
concerning taking of intoxilyzer test) had been introduced into evidence. Actually, the DIC23 form
had been admitted into evidence, not the DIC24 form. There were proposals and counter-proposals
regarding a response to the jury note. Appellant objected to "going outside the record" or recounting
testimony when the trial court proposed telling the jury that the form which Barnes testified was read
to appellant informed her that she did not have to take the breathalyzer test. No rulings were
obtained on these objections. The trial court went off the record apparently to prepare its instructions
or answer to the jury's note. On the record, the State indicated approval of the proposed answer or
instructions. The trial court again went off the record. Upon a return to the record, appellant
reiterated her previous objections to the proposed instructions. She also asked the trial court to
respond to the jury's first question. The objections were overruled. At this point, the court reporter's
record concluded with regard to the trial court's instructions or note to the jury, if any. The court's
supplemental charge or note to the jury was not read into the record. Whether the court's note to the
jury was withdrawn or delivered to the jury is not reflected by the appellate record. There was no
compliance with article 36.27 by communicating with the jury in open court. Tex. Code Crim. Proc.
Ann. art. 36.27 (West 1981). Earlier, the trial court had disdained bringing the jury into the
courtroom.

 The State answers that it cannot respond to appellant's contention because its search
of the clerk's transcript failed to show any communication from the trial court to the jury after it
retired to deliberate. The district clerk has responded to this Court's order by certifying that no jury
note or court's supplemental charge to the jury appears in the clerk's record of the instant cause.

 Appellant filed a motion for a new trial complaining in part about the trial court's
response to the jury's note during deliberations. The motion was overruled by operation of law and
nothing was done to adduce facts not in the record. See Tex. R. App. P. 21.2.

 This Court cannot decide cases based on speculation about matters not shown in the
record, see Green v. State, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995), or based on assumptions
and estimates about the record. Jenkins v. State, 912 S.W.2d 793, 821 (Tex. Crim. App. 1995). 
Matters not present in the record generally provide no basis for an appellate court to make a decision,
and the mere allegation of the existence of other facts may not be considered on appeal. McDonald
v. State, 64 S.W.3d 86, 89 (Tex. App.--Austin 2001, no pet.). The second point of error is
overruled. 


The Motion To Dismiss

 In her third point of error, appellant presents the question, "Whether or not the trial
court erred in denying the motion to dismiss for the destruction of exculpatory and mitigating
evidence." Appellant calls our attention to a pretrial ruling on her motion to dismiss prosecution
because of the loss of a videotape.

 At the pretrial hearing, appellant's counsel told the visiting judge that counsel had
been informed by the State that a videotape taken of appellant in the intoxilyzer room at the Denton
County Sheriff's office had been lost; that it was customary in Denton County for these videotapes
to be made when an accused is taken to the intoxilyzer room; and that such tapes could be a defense
counsel's "best friend or worst enemy." Counsel argued that he "believed" the lost videotape would
be "our best friend" and would disclose exculpatory and mitigating evidence. Without producing
evidence, counsel moved to dismiss the case. Appellant's counsel made no showing that the
evidence was favorable and material, or that the prosecution had acted in bad faith.

 The prosecutor asserted that the case law did not require an acquittal because of the
absence of a videotape in a DWI case. He stated there was a videotape made at the scene of the
arrest. The prosecutor explained that both the on-the-scene tape and the intoxilyzer room tapes
normally are retaped onto another tape, and when the arresting officer discovered that only the on-the-scene tape had been retaped, he was unable to locate the intoxilyzer room tape. The prosecutor
informed the court that the officer would testify at trial about his search for the missing tape, and
argued that no bad faith had been shown. The trial court overruled the pretrial motion to dismiss,
and it is this action that appellant claims is error.

 At trial and on direct examination, Trooper Barnes identified the on-the-scene
videotape made from his patrol car and it was admitted into evidence. Barnes testified that a second
videotape of appellant was made in the intoxilyzer room. He explained that it is normal practice to
"dub" both tapes onto another tape called "the D.A.'s copy." Later, when Barnes was watching the
D.A.'s copy, he realized the second tape was missing. Barnes then searched his desk and could not
find appellant's intoxilyzer room videotape. He related that the tapes are erased and used again. He
believed that he inadvertently recorded over the tape in question. Barnes testified that he had not
erased the tape purposefully and had not acted maliciously.

 On cross-examination, Barnes admitted that the tape was lost, erased, and that it was
an important piece of evidence in the case since appellant was facing prison time. When counsel
asked, "We don't know what was on that tape, and we can't tell the jury now, can we?" Barnes
answered, "I know what was on the tape, sir." Counsel then had Barnes acknowledge that the
missing tape would probably be more accurate than a report made by Barnes some days later. At no
time during trial did appellant ask for further relief after the overruling of the pretrial motion.

 In closing jury argument, appellant's counsel used the lost tape to his advantage,
pointing out to the jury that it had been deprived of valuable evidence before having to decide
whether to send someone to the penitentiary, and mocking the State's claims of erasure and accident. 
Counsel added, "I think if the State approaches these cases with that cavalier a manner, that should
be reflected in your verdict as well." Obviously, appellant made much use of the fact that the
videotape had been lost.

 Jackson v. State, 50 S.W.3d 579 (Tex. App.--Fort Worth 2001, pet. ref'd), reviewed 
lost evidence claims. The court stated: 


 The State has a duty to preserve exculpatory evidence. California v. Trombetta,
467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984); see also
Mahaffey v. State, 937 S.W.2d 51, 53 (Tex. App.--Houston [1st Dist.] 1996, no
pet.). When an accused complains of lost evidence, he must show that the evidence
lost is both material and favorable to him. United States v. Valenzuela-Bernal, 458
U.S. 858, 873, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982); Mahaffey, 937 S.W.2d
at 53. "A showing that the lost evidence might have been favorable does not meet
the materiality standard." Hebert v. State, 836 S.W.2d 252, 254 (Tex. App.
--Houston [1st Dist.] 1992, pet. ref'd) (emphasis omitted); see also Gamboa v. State,
774 S.W.2d 111, 112 (Tex. App.--Fort Worth 1989, pet. ref'd). In addition, the
accused must show that the State acted in bad faith when it failed to preserve the
evidence in order to show a violation of due process or due course of law. Arizona
v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988) (due
process); Mahaffey, 937 S.W.2d at 53 (due course of law).



Jackson, 50 S.W.3d at 588-89.

 In the instant case, much like Mahaffey, appellant merely asserted that the missing
videotape might have had exculpatory value. 937 S.W.2d at 55. At the pretrial hearing on the
motion to dismiss, appellant's counsel stated that he "believed" the missing tape would be our "best
friend." Appellant's argument has the same effect as saying the evidence might have been
exculpatory. "This showing does not meet the materiality standard." Id. (citing Hebert, 836 S.W.2d
at 254).

 Further, appellant has not demonstrated that the Department of Public Safety or
Trooper Barnes erased the tape in bad faith. The only evidence on this element was Barnes's
testimony that he did not erase the tape purposely and had not acted maliciously. Because appellant
had not demonstrated the exculpatory value of the missing tape, or shown that the law enforcement
authorities acted in bad faith, appellant's third point of error is overruled.


The Instructed Verdict Motion

 In her fourth point of error, appellant presents the question: "Whether or not the trial
court erred in denying the motion for instructed verdict based on a failure of proof of the
enhancement paragraphs of the indictment." As noted, the indictment alleged two prior
misdemeanor driving or operating a motor vehicle while intoxicated convictions which elevated the
charged offense to a third degree felony. See Tex. Pen. Code Ann. § 49.09(b) (West Supp. 2002). 
One of the prior convictions was a 1993 Denton County conviction; the other was a 1995 conviction
from Tarrant County.

 At the conclusion of the State's case at the guilt/innocence stage of the trial, appellant
moved for an instructed verdict of "not guilty." Appellant advanced and argued several reasons in
support of her motion. Her last argument was that she should be acquitted of a felony and that the
case should proceed only as a misdemeanor prosecution. Appellant asserted that the State had failed
to prove the 1995 Tarrant County conviction alleged for enhancement. Appellant contended that the
only proof of the 1995 conviction was a certified copy of her Texas Department of Public Safety
driver's record which reflected the Tarrant County conviction. She urged that the copy (State's
exhibit number four) was hearsay and insufficient to sustain the State's burden of proof as to the
Tarrant County conviction. The trial court overruled the motion for instructed verdict in its entirety. 
No attack was made upon the proof underlying the other prior conviction from Denton County
alleged for enhancement of punishment. Thus, appellant's stated point of error is broader than the
motion which she claims was improperly overruled.

 What appellant overlooks is that the State offered proof as to the prior convictions
alleged by certified copies of the judgment and sentence in each case. See Tex. R. Evid. 902. In
addition, the State offered the testimony of a fingerprint expert who testified that appellant's known
fingerprints, which the witness had taken, were identical to the fingerprints on the certified copies
of the judgment and sentences. This is a permissible method of proving prior convictions alleged
for enhancement of punishment or for jurisdictional purposes. See 43 George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 38.148 (2d ed. 2001). The State
proved the prior Tarrant County conviction independent of State's exhibit number four. The trial
court did not abuse its discretion in overruling the motion for an instructed verdict.

 In this point of error, appellant also complains of the admission into evidence of
State's exhibit number four on the ground that the exhibit constituted hearsay. Such argument
renders the point of error multifarious. Nevertheless, we shall respond to appellant's contention by
pointing out that the case law is contrary to her contention. Texas Rule of Evidence 803(8) does not
render inadmissible the certified copies of an accused's driving record complied by the Department
of Public Safety as required by law. See Spaulding v. State, 896 S.W.2d 587, 589 (Tex.
App.--Houston [1st Dist.] 1995, no pet.); Abbring v. State, 882 S.W.2d 914, 915 (Tex. App.-- Fort
Worth 1994, no pet.); Tanner v. State, 875 S.W.2d 8, 9-10 (Tex. App.--Houston [1st Dist.] 1994,
pet. ref'd). This is best explained in Gibson v. State, 952 S.W.2d 569, 572 (Tex. App.--Fort Worth
1997, pet. ref'd), which held that a certified copy of a partial D.P.S. driver's record of an accused
was self-authenticated and was not hearsay in view of the duty imposed by law upon the D.P.S. The
driver's record is a ministerial document that records routine objective observations made as part of
the everyday function of the D.P.S. and not for the purposes of litigation. Id. at 572; see also Smith
v. State, 895 S.W.2d 449, 455 (Tex. App.-- Dallas 1995, pet. ref'd).

 Appellant also claims in a multifarious vein that State's exhibit number four was
inadmissible because it did not reflect that the D.P.S. had received a certified copy of the judgment
and sentence from the clerk of the convicting court in Tarrant County. She relies upon Dingler v.
State, 768 S.W.2d 305 (Tex. Crim. App. 1989), relating to the use of "pen packets" from the prison
system to prove prior convictions for enhancement of punishment. See Tex. Pen. Code Ann.
§ 12.42(d) (West Supp. 2002). Dingler, however, has been overruled by Reed v. State, 811 S.W.2d
582, 584 (Tex. Crim. App. 1991). (1) The fourth point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: August 30, 2002

Do Not Publish













* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The prosecution here was conducted under the DWI or OWI enhancement statute. See Tex.
Pen. Code Ann. § 49.09(b) (West Supp. 2002). It did not involve the habitual offender statute. See
id. § 12.42(d). Section 49.09(b) does not require the State to prove prior convictions sequentially. 
See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). So long as both prior convictions
alleged occurred before the commission of the primary offense the proof is sufficient. See 43 George
E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.126 (2d ed.
2001).