COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-046-CR
  
  
JAMES 
ROBERTS, JR.                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
James Roberts, Jr. appeals his conviction for felony driving while intoxicated (DWI).  
We affirm.
II. Background Facts
        On 
November 2, 2002, Don Johnston, a Montague County Constable, stopped appellant 
after he saw him commit several traffic violations.  Suspecting that 
appellant was intoxicated, Constable Johnston called dispatch to request 
assistance.  Nocona Police Officer Troy Magruder arrived, conducted field 
sobriety tests, and arrested appellant for DWI.  Because he had two 
previous DWI convictions, appellant was charged with felony DWI.  See 
Tex. Penal Code Ann. § 
49.09(b)(2) (Vernon Supp. 2004-05)  The indictment included an enhancement 
paragraph alleging a previous felony conviction for aggravated assault with a 
deadly weapon.  Although appellant pled not guilty to the charges against 
him, a jury found him guilty of felony DWI and assessed his punishment at ten 
years’ confinement.
III. Anders Brief
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief.
        Once 
appellant's court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on appellant's behalf.  See Stafford v. 
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Additionally, we 
informed appellant that he may file a pro se brief, but he has not done so.
IV. Independent Review
A. Pretrial
        Appellant 
did not file a motion to quash the indictment.  The indictment charges 
appellant with driving while intoxicated, tracks the applicable statutory 
language, and was sufficient to confer jurisdiction on the trial court.  See 
Tex. Const. art. V, § 12; Tex. Penal Code Ann. §§ 49.01(2)(A), 
49.04(a) (Vernon 2003), § 49.09(b)(2); Duron v. State, 956 S.W.2d 547, 
550-51 (Tex. Crim. App. 1997).  During voir dire, neither the State nor 
appellant objected to questions asked of the venire.  The trial court 
granted all of appellant’s challenges for cause and peremptory challenges, and 
appellant did not object to any of the State’s challenges.
B. Guilt-Innocence Phase
        Neither 
side objected during opening statements. The State’s first witness, Constable 
Johnston, testified that when he stopped appellant, appellant said that he was 
drunk and asked if he could go home.  Constable Johnston testified that 
appellant’s eyes were bloodshot and watery and that he had trouble 
standing.  He also testified that he immediately smelled alcohol on 
appellant when appellant started talking to him.  Constable Johnston 
observed as Officer Magruder administered several field sobriety tests to 
appellant.  Constable Johnston testified that several times during the 
stop, appellant said that he was intoxicated.
        According 
to Officer Magruder, appellant had trouble standing and walking, bloodshot eyes, 
and slurred speech.  He also testified that appellant told him that he had 
been drinking and was intoxicated. Officer Magruder testified that appellant 
refused to take a portable breath test and intoxilyzer test but did take several 
field sobriety tests.  Appellant did poorly on all of the tests 
administered to him.  The State introduced and appellant stipulated to 
evidence of two prior convictions for DWI.  At the end of the State’s 
case, appellant requested an instructed verdict of not guilty.  The trial 
court denied appellant’s request.
        Appellant’s 
sister, Tammy Lynn Patterson, testified that she saw appellant before he left 
her house and was arrested.  But because she was sick at the time, she was 
not able to observe him with any kind of concentration and does not know whether 
he was intoxicated.  Amanda Abeyta came to pick up appellant’s car after 
he was arrested.  She testified that she saw appellant as he was standing, 
handcuffed, behind Constable Johnston’s car.  According to Abeyta, 
appellant did not have problems speaking, trouble balancing, or bloodshot 
eyes.  She testified that appellant’s eyes were a little red but that 
otherwise he looked fine.  On cross-examination, Abeyta said that she did 
not have personal knowledge of where appellant had been or whether he had drunk 
anything before he was arrested.
        Appellant 
testified that he had drunk only two beers the night he was arrested.  He 
also testified that he refused to take all of the sobriety tests, including the 
field sobriety tests Constable Johnston and Officer Magruder said he 
performed.  He testified that he asked to take a blood test but did not get 
a response from the officers.  Appellant testified that he told the 
officers that he had been drinking but denied he was intoxicated that 
night.  On cross-examination, the State impeached appellant with a prior 
inconsistent statement made in a letter written to the trial court in which he 
said that he had drunk three beers.  The jury found appellant guilty of 
felony DWI.
C. Punishment Phase
        At 
the punishment phase, appellant pled true to the enhancement paragraph alleging 
a prior felony conviction for aggravated assault.  The State offered all of 
the evidence it had offered at the guilt-innocence phase.  Appellant 
offered no punishment evidence.  Neither side objected to the proposed 
charges on punishment or to the closing arguments.  The jury assessed 
punishment at ten years’ confinement.  The trial court properly 
instructed the jury on the applicable range of punishment and on applicable 
parole laws, and the jury assessed punishment within the permissible statutory 
range.  See Tex. Penal Code 
Ann. § 12.33 (Vernon 2003), § 12.42(a)(3) (Vernon Supp. 2004-05).  
Appellant filed a motion for a new trial, on which the trial court never ruled.
V. Potential Grounds for Error
A. Sufficiency of the Evidence
        In 
his Anders brief, appellant’s counsel presents six potential grounds 
for error, the first three of which deal with sufficiency of the evidence.  
Appellant’s counsel states that appellant could argue that the evidence is 
insufficient to support his conviction and therefore the trial court erred in 
denying his request for an instructed verdict and by not granting his motion for 
a new trial.  Applying the appropriate standards of review[2] 
to the record evidence detailed above, we hold that the evidence is legally and 
factually sufficient to convict appellant of felony DWI.  Therefore, the 
trial court did not err by overruling appellant’s request for an instructed 
verdict and by not granting his motion for a new trial.  We overrule 
appellant’s first three potential grounds for error.
B. Request for Mistrial
        In 
his fourth potential ground for error, appellant’s counsel notes that 
appellant could argue that the trial court erred in denying his request for a 
mistrial.  When explaining the horizontal gaze nystagmus test at trial, 
Officer Magruder described several clues that he considers when administering 
the test.  He testified that the presence of four or more of such clues 
indicates with 88 percent accuracy that the subject’s blood alcohol is higher 
than .08.  Appellant objected, arguing the statement was an improper 
conclusion.  The trial court sustained the objection, gave the jury an 
instruction to disregard, but denied appellant’s request for a mistrial.
        We 
review a trial court’s denial of a request for a mistrial for abuse of 
discretion.  See Ladd. v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1070 (2000).  A trial court does not 
abuse its discretion if its decision is at least within the zone of reasonable 
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 
1991) (op. on reh’g).  A mistrial is as an extreme remedy for prejudicial 
events occurring during the trial process and should be granted only when 
residual prejudice remains after objections are sustained and curative 
instructions given.  West v. State, 121 S.W.3d 95, 106 (Tex. 
App.—Fort Worth 2003, pet. ref’d).  Only when the testimony is “so 
emotionally inflammatory that curative instructions are not likely to prevent 
the jury being unfairly prejudiced” against appellant may the trial court 
grant a mistrial, and we will presume that a jury follows a court’s 
instruction to disregard.  Bauder v. State, 921 S.W.2d 696, 698 
(Tex. Crim. App. 1996); Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. 
App. 1988).
        Here, 
Officer Magruder’s testimony was not of such an emotionally inflammatory 
character that the trial court’s curative instruction was not likely to 
prevent the jury from being unfairly prejudiced, and we cannot say that Officer 
Magruder’s remarks caused appellant any prejudice that was not remedied by the 
trial court’s curative instruction.  Therefore, the trial court did not 
abuse its discretion in denying appellant’s request for a mistrial.  We 
overrule appellant’s fourth potential ground for error.
C. Charge Error
        During 
the charge conference, appellant requested that an instruction on a necessity 
defense be included in the court’s charge to the jury.  The trial court 
denied appellant’s request. In his fifth potential ground for error, 
appellant’s counsel states that appellant could argue that the trial court 
erred in refusing to include the necessity defense instruction in the jury 
charge.
        Appellate 
review of error in a jury charge involves a two-step process.  Abdnor v. 
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must 
determine whether error occurred.  If so, we must then evaluate whether 
sufficient harm resulted from the error to require reversal.  Id. at 
731-32.
        A 
defendant is entitled to an affirmative defensive instruction on every issue 
raised by the evidence regardless of the strength of the evidence.  Brown 
v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); Golden v. State, 
851 S.W.2d 291, 295 (Tex. Crim. App. 1993).  However, to raise necessity as 
an affirmative defense, the defendant must first admit to committing the 
offense.  See McGarity v. State, 5 S.W.3d 223, 227 (Tex. App.—San 
Antonio 1999, no pet.)   Here, appellant testified that on the day he 
was arrested, he was on his way to buy ear drops for his sister, Patterson, who 
had a serious ear infection.  However, because appellant never admitted to 
being intoxicated, he was not entitled to a jury instruction on the defense of 
necessity, and the trial court did not err in denying his request.  See 
Pentycuff v. State, 680 S.W.2d 527, 528-29 (Tex. App.—Waco 1984, pet. 
ref’d, untimely filed); Jackson v. State, 50 S.W.3d 579, 594-95 (Tex. 
App.—Fort Worth 2001, pet. ref’d).  We overrule appellant’s fifth 
potential ground for error.
D. Ineffective Assistance of Counsel
        As 
a sixth potential ground for error, appellant’s counsel notes that appellant 
has a possible ineffective assistance of counsel claim because appellant told 
him that trial counsel failed to relay a plea offer until the day of 
trial.  However, as appellant’s counsel correctly notes, we may address 
only those matters contained in the record.  See McDonald v. State, 
64 S.W.3d 86, 89 (Tex. App.—Austin 2001, no pet.).  Because there is 
nothing regarding the late communication of the plea offer in the record, we may 
not address it on appeal.  See id.  Accordingly, we overrule 
appellant’s sixth potential ground for error.
VI. Conclusion
        Because 
our independent review of the record and of appellant’s counsel’s potential 
points leads us to conclude that there are no grounds upon which appellant could 
arguably be successful on appeal, we grant appellant’s counsel’s motion to 
withdraw and affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
   
  
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4
2.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979 (legal 
sufficiency); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) 
(same); see also Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 
2004) (factual sufficiency).