ROBERTS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-046-CR

JAMES ROBERTS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant James Roberts, Jr. appeals his conviction for felony driving while intoxicated (DWI).  We affirm.

II. Background Facts

On November 2, 2002, Don Johnston, a Montague County Constable, stopped appellant after he saw him commit several traffic violations.  Suspecting that appellant was intoxicated, Constable Johnston called dispatch to request assistance.  Nocona Police Officer Troy Magruder arrived, conducted field sobriety tests, and arrested appellant for DWI.  Because he had two previous DWI convictions, appellant was charged with felony DWI.  
See 
Tex. Penal Code Ann.
 § 49.09(b)(2) (Vernon Supp. 2004-05)  The indictment included an enhancement paragraph alleging a previous felony conviction for aggravated assault with a deadly weapon.  Although appellant pled not guilty to the charges against him, a jury found him guilty of felony DWI and assessed his punishment at ten years’ confinement. 

III. 
Anders 
Brief

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  

Once appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant's behalf. 
See
 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Additionally, we informed appellant that he may file a pro se brief, but he has not done so. 

IV. Independent Review

A. Pretrial

Appellant did not file a motion to quash the indictment.  The indictment charges appellant with driving while intoxicated, tracks the applicable statutory language, and was sufficient to confer jurisdiction on the trial court.  
See 
Tex. Const
. art. V, § 12; 
Tex. Penal Code Ann.
 §ྷ 49.01(2)(A), 49.04(a) (Vernon 2003), § 49.09(b)(2); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  During voir dire, neither the State nor appellant objected to questions asked of the venire.  The trial court granted all of appellant’s challenges for cause and peremptory challenges, and appellant did not object to any of the State’s challenges. 

B. Guilt-Innocence Phase
 

Neither side objected during opening statements.  The State’s first witness, Constable Johnston, testified that when he stopped appellant, appellant said that he was drunk and asked if he could go home.  Constable Johnston testified that appellant’s eyes were bloodshot and watery and that he had trouble standing.  He also testified that he immediately smelled alcohol on appellant when appellant started talking to him.  Constable Johnston observed as Officer Magruder administered several field sobriety tests to appellant.  Constable Johnston testified that several times during the stop, appellant said that he was intoxicated. 

According to Officer Magruder, appellant had trouble standing and walking, bloodshot eyes, and slurred speech.  He also testified that appellant told him that he had been drinking and was intoxicated.  Officer Magruder testified that appellant refused to take a portable breath test and intoxilyzer test but did take several field sobriety tests.  Appellant did poorly on all of the tests administered to him.  The State introduced and appellant stipulated to evidence of two prior convictions for DWI.  At the end of the State’s case, appellant requested an instructed verdict of not guilty.  The trial court denied appellant’s request. 

Appellant’s sister, Tammy Lynn Patterson, testified that she saw appellant before he left her house and was arrested.  But because she was sick at the time, she was not able to observe him with any kind of concentration and does not know whether he was intoxicated.  Amanda Abeyta came to pick up appellant’s car after he was arrested.  She testified that she saw appellant as he was standing, handcuffed, behind Constable Johnston’s car.  According to Abeyta, appellant did not have problems speaking, trouble balancing, or bloodshot eyes.  She testified that appellant’s eyes were a little red but that otherwise he looked fine.  On cross-examination, Abeyta said that she did not have personal knowledge of where appellant had been or whether he had drunk anything before he was arrested. 

Appellant testified that he had drunk only two beers the night he was arrested.  He also testified that he refused to take all of the sobriety tests, including the field sobriety tests Constable Johnston and Officer Magruder said he performed.  He testified that he asked to take a blood test but did not get a response from the officers.  Appellant testified that he told the officers that he had been drinking but denied he was intoxicated that night.  On cross-examination, the State impeached appellant with a prior inconsistent statement made in a letter written to the trial court in which he said that he had drunk three beers.  The jury found appellant guilty of felony DWI. 

C. Punishment Phase

At the punishment phase, appellant pled true to the enhancement paragraph alleging a prior felony conviction for aggravated assault.  The State offered all of the evidence it had offered at the guilt-innocence phase.  Appellant offered no punishment evidence.  Neither side objected to the proposed charges on punishment or to the closing arguments.  The jury assessed punishment at ten years’ confinement.  The trial court properly instructed the jury on the applicable range of punishment and on applicable parole laws, and the jury assessed punishment within the permissible statutory range.  
See
 Tex. Penal Code Ann.
 § 12.33 (Vernon 2003), § 12.42(a)(3) (Vernon Supp. 2004-05).  Appellant filed a motion for a new trial, on which the trial court never ruled. 

V. Potential Grounds for Error 
   

A. Sufficiency of the Evidence

In his 
Anders
 brief, appellant’s counsel presents six potential grounds for error, the first three of which deal with sufficiency of the evidence.  Appellant’s counsel states that appellant could argue that the evidence is insufficient to support his conviction and therefore the trial court erred in denying his request for an instructed verdict and by not granting his motion for a new trial.  Applying the appropriate standards of review
(footnote: 2) to the record evidence detailed above, we hold that the evidence is legally and factually sufficient to convict appellant of felony DWI.  Therefore, the trial court did not err by overruling appellant’s request for an instructed verdict and by not granting his motion for a new trial.  We overrule appellant’s first three potential grounds for error.   

 

B. Request for Mistrial

In his fourth potential ground for error, appellant’s counsel notes that appellant could argue that the trial court erred in denying his request for a mistrial.   When explaining the horizontal gaze nystagmus test at trial, Officer Magruder  described several clues that he considers when administering the test.  He testified that the presence of four or more of such clues indicates with 88 percent accuracy that the subject’s blood alcohol is higher than .08.  Appellant objected, arguing the statement was an improper conclusion.  The trial court sustained the objection, gave the jury an instruction to disregard, but denied appellant’s request for a mistrial. 

We review a trial court’s denial of a request for a mistrial for abuse of discretion.  
See Ladd. v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  A trial court does not abuse its discretion if its decision is at least within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  A mistrial is as an extreme remedy for prejudicial events occurring during the trial process and should be granted only when residual prejudice remains after objections are sustained and curative instructions given.  
West v. State
, 121 S.W.3d 95, 106 (Tex. App.སྭFort Worth 2003, pet. ref’d).  Only when the testimony is “so emotionally inflammatory that curative instructions are not likely to prevent the jury being unfairly prejudiced” against appellant may the trial court grant a mistrial, and we will presume that a jury follows a court’s instruction to disregard.  
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996); 
Waldo v. State
, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988).    Here, Officer Magruder’s testimony was not of such an emotionally inflammatory character that the trial court’s curative instruction was not likely to prevent the jury from being unfairly prejudiced, and we cannot say that Officer Magruder’s remarks caused appellant any prejudice that was not remedied by the trial court’s curative instruction.  Therefore, the trial court did not abuse its discretion in denying appellant’s request for a mistrial.  We overrule appellant’s fourth potential ground for error.

C. Charge Error

During the charge conference, appellant requested that an instruction on a necessity defense be included in the court’s charge to the jury.   The trial court denied appellant’s request.  
In his fifth potential ground for error, appellant’s counsel states that appellant could argue that the trial court erred in refusing to include the necessity defense instruction in the jury charge.  

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32. 
 

A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of the strength of the evidence.  
Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993).  However, to raise necessity as an affirmative defense, the defendant must 
first admit to committing the offense.  
See McGarity v. State
, 5 S.W.3d 223, 227 (Tex. App.སྭSan Antonio 1999, no pet.)  Here, appellant testified that on the day he was arrested, he was on his way to buy ear drops for his sister, Patterson, who had a serious ear infection.  However, because appellant never admitted to being intoxicated, he was not entitled to a jury instruction on the defense of necessity, and the trial court did not err in denying his request.  
See Pentycuff v. State
, 680 S.W.2d 527, 528-29 (Tex. App.སྭWaco 1984, pet. ref’d, untimely filed); 
Jackson v. State
, 50 S.W.3d 579, 594-95 (Tex. App.སྭFort Worth 2001, pet. ref’d).  We overrule  appellant’s fifth potential ground for error.      

D. Ineffective Assistance of Counsel

As a sixth potential ground for error, appellant’s counsel notes that appellant has a possible ineffective assistance of counsel claim because appellant told him that trial counsel failed to relay a plea offer until the day of trial.  However, as appellant’s counsel correctly notes, we may address only those matters contained in the record.  
See McDonald v. State
, 64 S.W.3d 86, 89 (Tex. App.སྭAustin 2001, no pet.).  Because there is nothing regarding the late communication of the plea offer in the record, we may not address it on appeal.  
See id.  
Accordingly, we overrule appellant’s sixth potential ground for error. 

VI. Conclusion
   

Because our independent review of the record and of appellant’s counsel’s potential points leads us to conclude that there are no grounds upon which appellant could arguably be successful on appeal, we grant appellant’s counsel’s motion to withdraw and affirm the trial court’s judgment.  
 
     

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4

2:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979 (legal sufficiency); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (same); 
see also Zuniga v. State
, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (factual sufficiency).