Marjorie Lorraine RUSSELL,
Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–85–735–CR, C14–85–736–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 1986.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Joan Campbell, Doug Durham, Houston, for appellee.

Before JUNELL, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Marjorie Lorraine Russell, appeals from two judgments of conviction for the offenses of involuntary manslaughter. Appellant entered a plea of nolo contendere to each indictment. The Court found appellant guilty in both cases and assessed punishment at confinement in the Texas Department of Corrections for seven (7) years and a five hundred ($500.00) dollar fine in each case. The Court ordered that the sentences run consecutively. We affirm.

Appellant, in three grounds of error, alleges that: (1) her plea of guilty was effectively involuntary because of her misunderstanding of the plea bargaining agreement; (2) the State failed to live up to the plea agreement because it failed to tell the Court that the sentences were to run concurrently; and (3) the trial court erred in failing to carry out the plea bargaining agreement by ordering the sentences in the two causes to run consecutively rather than concurrently.

The appellant was charged in two cases with involuntary manslaughter. In Cause No. 424,525 she was charged by indictment with causing the death of Rhonda Doucet Walkup on or about May 5, 1985. In Cause No. 424,526 she was charged by indictment with causing the death of Joshua Walkup on or about the same date. Appellant entered a plea of nolo contendere to each indictment. In both cases, appellant judicially confessed to the allegations in the first paragraph of the indictment charging her with operating a motor vehicle while intoxicated and thereby causing a collision which resulted in the deaths of Rhonda and Joshua Walkup.

The court questioned appellant about her plea and as a result found that her plea was freely and voluntarily given and accepted her plea. The Court also agreed to follow the State's recommendation in each case. The State's recommendation was seven years in the Texas Department of Corrections and a five hundred ($500) dollar fine in *each case*.

The judge then found the appellant guilty of involuntary manslaughter in both cases, and assessed her punishment at seven years confinement in the Texas Department of Corrections and a fine of five hundred dollars in each case. The judge then ordered that the sentences run consecutively, that is, that the sentence in Cause No. 424,526 commence after the sentence in Cause No. 424,525 was served.

Appellant timely filed a motion for new trial in each case, alleging that she had entered into a plea bargain agreement with the State in both causes, and that the State had agreed to recommend that the seven year sentences run concurrently. After a hearing, the trial court denied the motion for new trial, and permitted the appellant to appeal the judgment and sentences in both causes.

Due to the similarity between grounds of error two and three we will respond to them simultaneously. Appellant in grounds of error two and three alleges that the State failed to live up to its plea bargain because it failed to tell the court that the sentences were to run concurrently and that the trial court, in turn, erred in failing to carry out the plea bargain agreement by ordering the sentences to run consecutively.

During the sentencing phase of the trial the following dialogue took place between the Court and the appellant:

THE COURT: Do you have anything to say before sentence is pronounced against you at this time in these two cases?

THE DEFENDANT: Do the two cases run concurrent.

THE COURT: That is up to me to decide. Do you have anything else to say before sentence is pronounced against you at this time in these two cases?

THE DEFENDANT: Does the time that I have already spent in jail count?

THE COURT: All the time you have spent in county jail will be credited to these sentences, that is correct.

THE DEFENDANT: No more questions.

The judge informed appellant that it was within his discretion to decide whether to make the sentences run concurrently or consecutively. Being fully aware of the judge's position, appellant voluntarily declined any further questions. Neither appellant nor her attorney gave any indication at that time that she was relying on a plea bargain agreement stipulating that the sentences were to run concurrently.

The record reflects that at the hearing on the Motion for New Trial conflicting evidence was presented on the issue of whether the State and the appellant's counsel entered into a plea agreement which included in its terms a recommendation that the sentences in Cause No. 424,525 and 424,526 would run concurrently. The two State's attorneys testified that they did not agree to recommend to the Court that the two sentences would run concurrently. The appellant's attorney testified that one of the State's attorneys had indicated to him at a prior court setting that the sentences in both cases would run concurrently. The Court denied the Motion for New Trial and stated on the record that he had followed the recommendation of the State. It must be presumed that the Court found, as a matter of fact, that no plea bargain existed as to whether the two sentences would run concurrently or consecutively.

The trial judge, as the trier of facts, is free to believe one person's testimony over another. *Moreno v. State*, 587 S.W.2d 405 (Tex.Crim.App.1979).

It is well established that issues of fact raised at a hearing on motion for new trial are for the determination of the trial judge; and where there is conflicting evidence, there is no abuse of discretion where the motion for new trial is overruled. *Thomas v. State*, 699 S.W.2d 845 (Tex.Crim.App. 1985).

In our case there was conflicting evidence presented on the issue of whether the plea bargain included an agreement that the sentences in both cases would run concurrently. The trial court did not abuse its discretion in finding that no plea bargain existed that the two sentences would run concurrently. Appellant's second and third grounds of error are overruled.

Appellant, in her first ground of error, claims that her plea of guilty was involuntary because she misunderstood the plea bargain agreement. Specifically appellant is claiming that she understood that her two sentences would run concurrently as opposed to consecutively.

The law is clear in this area. There is no "right" to a concurrent sentence. Whether sentences will run concurrently or consecutively is within the discretion of the trial judge. Vernon's Ann. C.C.P. art. 42.08; *Carney v. State*, 573 S.W.2d 24 (Tex.Crim.App.1978). On the other hand, a plea of guilty or as in this case, nolo contendere, will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers. *Shepherd v. State*, 673 S.W.2d 263, 266 (Tex.App.— Houston [1st Dist.] 1984, no pet.). A plea is not involuntary simply because the sentence exceeded what the appellant expected, even if that expectation was raised by his attorney. *West v. State*, 702 S.W.2d 629, 633 (Tex.Crim.App.1986).

The turning point of this ground is whether appellant's defense counsel conveyed information to her that the prosecutor promised to make a specific recommendation, since an accused is entitled to credit his attorney's representation as to the fact of such an agreement and to rely on it. However, if trial counsel merely gave an opinion regarding sentencing, such fact would not form grounds for relief, even if trial counsel and appellant were "utterly convinced in their own minds" that the same would hold true. *McAleney v. United States*, 539 F.2d 282, 284 (1st Cir.1976).

The standard for review when an appellant contends that his plea was induced by significant misinformation, is whether or not his contention that his plea was involuntary is supported by the record. *Escalante v. State*, 681 S.W.2d 677, 679 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd).

Upon examining the record before us, we find no evidence that appellant was misinformed as to the plea bargain agreement. With regard to the plea bargain agreement the following testimony was heard during the punishment phase of the trial held on August 12, 1985:

THE COURT: What is the plea bargain agreement?

PROSECUTOR: The State's recommendation or the plea bargain agreement is seven years in TDC and a $500 fine on each case.

THE COURT: Is that agreeable to you?

THE DEFENDANT: Yes, sir.

THE COURT: Is that agreeable to you?

DEFENSE COUNSEL: Yes, sir, your Honor.

At trial it appeared that both the appellant and the defense counsel were aware that the plea bargain agreement was seven years confinement in the Texas Department of Corrections and a $500 fine on each case. No mention was made by any party regarding concurrency of the sentences.

Defense Counsel timely filed a motion for new trial. At the motion for new trial, both prosecutors testified that they had not recommended as an explicit condition of the plea bargain agreement that the term of years would run concurrently. Appellant testified that her plea was based on two seven-year sentences running concurrently. Defense Counsel testified that he asked one of the prosecutors at a court setting on July 31, 1985, whether the sentences would run concurrently or consecutively and the prosecutor told him that they would run concurrently.

At no point in the hearing on the appellant's motion for new trial did the appellant or her attorney state that her attorney had, in fact, represented to her that a part of the plea bargain reached with the State was that the sentences would run concurrently.

The record reflects that in both cases the appellant and her attorney signed a document entitled *Waiver of Constitutional Rights, Agreement to Stipulate, and Judi-*

*cial Confession.* Immediately above the appellant's signature on both forms is the statement:

I intend to enter a plea of nolo contendere and the prosecutor will recommend that my punishment should be set at 7 years Texas Department of Corrections + $500 fine and I agree to that recommendation.

Neither form mentions that the sentences shall run concurrently.

Matters not present in the record provide no basis for an appellate court to make a decision, and the mere allegation of the existence of facts may not be considered on appeal. *Shepherd v. State, supra,* at 267.

■ The decision as to whether or not to allow an accused to withdraw his plea is within the discretion of the trial court. *Jackson v. State,* 590 S.W.2d 514 (Tex. Crim.App.1979). The burden is on the appellant to show the existence of a misrepresentation by her trial counsel regarding the plea bargain, and that it played a substantial part in inducing her plea. *United States v. Becklean,* 598 F.2d 1122, 1124–1125 (8th Cir.1979). The determination of the same was in the discretion of the trial court and should not be disturbed on appeal absent an abuse of discretion. *Id.* at 1125; *Escalante v. State, supra* at 680.

■ We find that the record does not support the appellant's contention that her plea was involuntary, and there is no evidence that the trial court abused its discretion in denying her motion for new trial. Appellant's first ground of error is overruled.