TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00649-CR

Elizabeth Allen, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-98-0147, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 

 In a plea bargain, Elizabeth Allen pleaded guilty to the offense of endangering a
child. See Tex. Penal Code Ann. § 22.041 (West Supp. 2000). She received a one-year sentence
probated for three years. In one point of error, she contends that her plea was involuntary. We
will affirm.

 Allen contends that her plea was involuntary because induced by misinformation
given to her by her attorney. A guilty plea will not support a conviction if the plea is motivated
by significant misinformation conveyed by defense counsel. See Ex parte Kelly, 676 S.W.2d 132,
134-35 (Tex. Crim. App.1984); Fimberg v. State, 922 S.W.2d 205, 207 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd). The reviewing court must determine whether the record supports the
contention that the plea was induced by such misinformation. See Ex parte Morrow, 952 S.W.2d
530, 536 (Tex. Crim. App. 1997); Russell v. State, 711 S.W.2d 114, 116 (Tex. App.--Houston
[14th Dist.] 1986, pet. ref'd).

 The trial court held a hearing on Allen's motion for new trial in which she
complained that her plea was involuntary. One of the conditions of Allen's probation was that
she receive counseling. At the hearing, she argued that she would not have entered the plea
bargain except for her understanding from her attorney that she would not have to pay for any
such counseling. Her trial attorney confirmed that he had conveyed such information to her
because that was his understanding. Apparently, no one noticed until after entry of judgment that
the printed form listing conditions of probation contained a statement that the probationer pay for
counseling. However, Allen testified at the hearing that she had been receiving counseling but
had not had to pay for it. Her probation officer testified similarly. The court struck the
objectionable condition from the conditions of probation.

 The evidence at the hearing on Allen's motion for new trial established that she has
not had to pay for counseling, so the information on which she based her plea was accurate. The
trial court already has reformed the written conditions of probation to conform with the
information conveyed to Allen by her attorney. Allen has received exactly that for which she
agreed to plead guilty. Accordingly, we overrule her sole point of error and affirm the trial
court's judgment of conviction.

 
 

 B. A. Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish