Opinion issued July 11, 2002







 







In The

Court of Appeals

For The

First District of Texas






NO. 01-99-00410-CR






SAMUEL REBEN PURCHASE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 768286






O P I N I O N


 A jury found appellant, Samuel Reben Purchase, guilty of felony theft and
assessed his punishment at four years probation. The court included a 60 day stay in
county jail as one of the conditions of probation. Appellant raises four issues on
appeal related to his competency to stand trial. We affirm.

Background

 Appellant opened an account under an assumed name with the Southwest
Resource Credit Union in Baytown. Ten checks with a face value of over $44,000
were deposited into the account and over $40,000 was withdrawn during the 13 days
the account was open. The checks were later shown to be counterfeit. Appellant was
identified as the person who opened the account and made the transactions.

 At trial, where the Honorable J.E. Blackburn presided, no request was made for
a competency inquiry. After being convicted and sentenced, appellant filed a motion
for new trial alleging that he had been legally incompetent to stand trial and that his
counsel was ineffective. The Honorable Jay Burnett presided at the hearing on the
motion. Appellant presented six witnesses, and appellant's trial counsel, who was
then off the case, testified for the State. The court denied the motion.

Lack of Competency Inquiry and Denial of Motion for New Trial

 In his first issue, appellant contends that the court erred by failing to conduct
a retrospective hearing to determine whether there was evidence to support a finding
that appellant was not competent to stand trial. He asks us to abate his appeal and
remand the cause to the trial court for a retrospective determination of his competency
to stand trial. Appellant, in his related second issue, contends the trial court erred by
denying his motion for a new trial because he demonstrated he was incompetent to
stand trial.

 A defendant's due process right to a fair trial prevents the State from subjecting
a person to trial when that person's "mental condition is such that he lacks the
capacity to understand the nature and object of the proceedings against him, to
consult with counsel, and to assist in preparing his defense." Drope v. Missouri, 420
U.S. 162, 171, 95 S. Ct.. 896, 903 (1975). A trial court must make inquiry into a
criminal defendant's mental competence once the issue is sufficiently raised. Alcott
v. State, 51 S.W.3d 596, 598-99 (Tex. Crim. App. 2001) (citing Pate v. Robinson, 383
U.S. 375, 385, 86 S. Ct.. 836, 842 (1966)). 

A defendant is presumed competent to stand trial. Tex. Code Crim. Proc.
Ann. art. 46.02, sec. 1A(b) (Vernon Supp. 2002). Article 46.02, section 2, states how
the issue of incompetency to stand trial can be raised: (a) The issue of the defendant's incompetency to stand trial shall be
determined in advance of the trial on the merits if the court determines
there is evidence to support a finding of incompetency to stand trial on
its own motion or on written motion by the defendant or his counsel
filed prior to the date set for trial on the merits asserting that the
defendant is incompetent to stand trial.


 (b) If during the trial evidence of the defendant's incompetency is
brought to the attention of the court from any source, the court must
conduct a hearing out of the presence of the jury to determine whether
or not there is evidence to support a finding of incompetency to stand
trial.


Tex. Code Crim. Proc. Ann. art. 46.02, sec. 2(b) (Vernon 1979). Section 2(b) was
adopted by the Legislature in order to adequately guard the right to a fair trial where
evidence of the defendant's incompetence is raised during trial. Alcott, 51 S.W.3d
at 599 (emphasis in original). A trial court must conduct a competency inquiry sua
sponte if evidence is presented at trial that raises a bona fide doubt as to the
defendant's competency. Alcott, 51 S.W.3d at 601. 

 Competency to stand trial can also be challenged in a motion for new trial. 
Edwards v. State, 993 S.W.2d 171, 175-76 (Tex. App.--El Paso 1999, pet. ref'd);
Brown v. State, 960 S.W.2d 772, 779 (Tex. App.--Dallas 1997, pet. ref'd); cf. Ex
parte Yarborough, 607 S.W.2d 565, 566 (Tex. Crim. App. 1980) (holding
competency can be raised for the first time by post-trial writ of habeas corpus). When
competency is challenged in a motion for new trial, the trial court does not look to see
whether the evidence raises a bona fide doubt as to competence, but applies the
normal standard used in deciding a motion for new trial under which the trial court
considers all the evidence presented, judges the credibility of witnesses, and resolves
conflicts in the evidence. Edwards, 993 S.W.2d at 176; Brown, 960 S.W.2d at 778. 

Appellant does not point to any evidence presented during trial that he
contends should have raised a bona fide doubt about his competency to stand trial. 
All of appellant's evidence was presented at the hearing on the motion for new trial. 
Thus, we are not called on to review the court's implicit decision not to conduct a
competency inquiry sua sponte during trial, but we will review the trial court's denial
of the motion for new trial. See Brown, 960 S.W.2d at 775-76, 778.

Whether to grant or deny a motion for new trial is a decision within the sound
discretion of the trial court. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993); State v. Reynolds, 893 S.W.2d 156, 159 (Tex. App.--Houston [1st Dist.] 1995,
no pet.). We review the trial court's decision for an abuse of discretion. Edwards,
993 S.W.2d at 176; Brown, 960 S.W.2d at 778. A trial court abuses its discretion if
its decision is arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995); Brown, 960 S.W.2d at 778.

At the hearing, Dr. Rukshan Azhar, appellant's psychiatrist, testified she had
diagnosed appellant in January 1999 with a condition called "adjustment disorder
with depressed mood and anxiety symptoms." Dr. Azhar prescribed an antidepressant
for the condition. Appellant testified that he was not taking his medication during the
March 1 - 5, 1999 trial. According to Dr. Azhar, a failure to take medication would
have affected appellant's mental state and his ability to communicate with his
attorney, but Dr. Azhar did not know whether appellant was legally incompetent at
the trial because she did not examine appellant during that time. 

Appellant testified that he was unable to assist his lawyer in developing a
defense. Conversely, Theodore Haynes, Jr., appellant's counsel at trial, testified that
appellant never had any problems consulting with him, and he never believed that
appellant was incompetent to stand trial. Also, Haynes testified that appellant's prior
trial counsel, Mark Lipkin, did not express any concerns to him when Haynes took
over the representation. Haynes testified he did not know that appellant was seeing
a doctor or was taking medication. 

Faced with conflicting testimony regarding appellant's mental contition, the
trial court, as finder of fact at the hearing, was entitled to assess the credibility of
witnesses and believe or disbelieve any testimony presented. Russell v. State, 711
S.W.2d 114, 116 (Tex. App.--Houston [14th Dist.] 1986, pet. ref'd); see Lewis, 911
S.W.2d at 7. Because the evidence regarding appellant's competency conflicts, the
trial court did not abuse its discretion when it denied the motion for new trial. Brown,
960 S.W.2d at 780; see Lewis, 911 S.W.2d at 7; Russell, 711 S.W.2d at 116.

 We overrule appellant's first and second issues.

Ineffective Assistance of Counsel

 In his third issue, appellant contends that his trial counsel rendered ineffective
assistance because counsel failed to ask appellant about his psychiatric history. We
apply the usual Strickland standard of review, requiring that appellant show both
deficient performance by counsel and prejudice as a result. Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct.. 2052, 2065 (1984); Thompson v. State, 9 S.W.3d 808,
812-13 (Tex. Crim. App. 1999). We examine the totality of the counsel's
representation to determine whether appellant received effective assistance. 
Thompson, 9 S.W.3d at 813. There is a strong presumption that the counsel's conduct
was reasonable. Strickland, 466 U.S. at 689, 104 S. Ct.. at 2064. 

 Appellant relies on Jackson v. State for his claim that counsel's failure to
investigate his mental competency resulted in ineffective assistance. 857 S.W.2d 678
(Tex. App.--Houston (14th Dist.) 1993, pet. ref'd). In Jackson, the court listed six
factors that combined to demonstrate counsel's ineffectiveness: (1) counsel knew
Jackson was receiving disability payments from the State, but failed to investigate
why; (2) counsel knew Jackson "lacked understanding" about the proceedings, but
failed to have her tested, or to ask for a competency hearing; (3) counsel knew of, but
failed to inquire about, over $1,000 in Jackson's purse (money that was actually
proceeds from disability checks); (4) counsel failed to investigate any defenses or
mitigating evidence; (5) counsel failed to object to the admission of extraneous and
inflammatory evidence; and (6) counsel called a witness who provided damaging
testimony about possible child abuse. Id. at 683.

 Here, appellant's only complaint is that counsel failed to investigate his
psychiatric condition. Unlike in Jackson, there is no evidence that counsel knew of
factors, such as disability payments or a lack of understanding about trial
proceedings, that might have prompted further investigation into appellant's
competency. To the contrary, trial counsel Haynes testified that appellant appeared
competent, and Haynes was not informed that appellant was on medication and under
a psychiatrist's care. In order to find that appellant received ineffective assistance,
we would have to hold that counsel must always ask a defendant about his psychiatric
history, even when there are no indicators of possible incompetency. Appellant
presents no authority to support such a holding, and we will not now begin creating
a list of mandatory questions that must be asked of defendants regardless of the
circumstances surrounding the legal representation. 

 We overrule appellant's third point of error.

Constitutionality of Alcott

 In his fourth and final issue, appellant asks us to hold that the Court of
Criminal Appeals fashioned an unconstitutionally vague construction of Code of
Criminal Procedure article 46.02, section 2(b) in its Alcott decision. As an
intermediate court of appeals we are bound by the decisions of our state's highest
criminal court. State v. Sanchez, 925 S.W.2d 371, 372 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd). Thus, we are not authorized to address whether Alcott was
correctly decided as appellant requests.

 We overrule appellant's fourth issue.

 We affirm the judgment.


 

 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Nuchia and Radack. 

Publish. Tex. R. App. P. 47.