COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-500-CR
  
  
MICHAEL 
SCOTT RAINES                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Scott Raines pled guilty to three counts of aggravated sexual assault of 
a child and one count of indecency with a child. Following the punishment 
hearing, the trial court assessed his punishment at life imprisonment and a 
$5,000 fine. In three points, Appellant complains that he received ineffective 
assistance of counsel. We will affirm.
Ineffective 
Assistance of Counsel
Standard of Review
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. See Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 813. Our scrutiny of counsel's performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
Application
        Here, 
Appellant specifically asserts that he was denied effective assistance of 
counsel during the punishment phase because his trial counsel failed to present 
mitigation evidence regarding 1) Appellant’s mental retardation, 2) 
Appellant’s own history of sexual abuse, and 3) Appellant’s reluctance to 
have solitary contact with the victim.
        The 
record reveals that Appellant’s counsel explained at the hearing on 
Appellant’s motion for new trial the strategy behind his decisions to exclude 
testimony regarding Appellant’s own sexual abuse, and his lack of knowledge 
regarding Appellant’s mental conditions and reluctance to have contact with 
the victim.
        During 
the hearing, Appellant testified that he had been classified as a special 
education student during his entire education and that testing records indicate 
that he is mildly mentally retarded. However, he stated that he could not recall 
whether he specifically mentioned this to his trial counsel. Appellant contends 
that trial counsel’s performance was deficient because counsel did not 
adequately investigate Appellant’s mental health background for purposes of 
mitigation. See Wiggins v. Smith, 539 U.S. 520-29, 123 S. Ct. 2527, 
2534-2540 (2003).
        Appellant’s 
counsel testified that since Appellant’s guilt was not going to be an issue, 
he chose a strategy that would emphasize that Appellant had accepted 
responsibility for his conduct and had cooperated with law enforcement. 
Moreover, the testimony of Appellant was controverted by the contrary testimony 
of Appellant’s trial counsel. Trial counsel indicated that Appellant’s 
mental history would not have been emphasized unless the mental condition was 
such that it would have impaired Appellant’s ability to know the differences 
between right and wrong. Counsel also testified that “if I had had it,” I 
would have brought it to the court’s attention, but “I don’t know that I 
would have emphasized it to any great extent.” He stated that he had no 
specific recollection of discussing Appellant’s competency with Appellant, and 
he testified that “[t]here was never anything that I saw that raised a concern 
with me that he would have a mental health issue to the extent that he needed to 
be evaluated.”
        As 
detailed above, the testimony of Appellant and his trial counsel at the hearing 
on the motion for new trial was in sharp conflict. Faced with conflicting 
testimony regarding Appellant’s mental condition, the trial court as finder of 
fact at the hearing was entitled to assess the credibility of witnesses and 
believe or disbelieve any testimony presented. See Kober v. State, 988 
S.W.2d 230, 233 (Tex. Crim. App. 1999); Russell v. State, 711 S.W.2d 114, 
116 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d). The record is 
insufficient to merit a conclusion that Appellant’s trial counsel failed to 
adequately investigate Appellant’s mental health background. Apparently, the 
trial court resolved the conflicts in favor of trial counsel’s version of 
events. Nothing in the record indicates that Appellant ever actually told 
counsel about any type of mental condition. In fact, he testified that he could 
not recall whether he mentioned this fact to trial counsel. Appellant has 
pointed to nothing in the record that overcomes the presumption that his counsel 
made his decision to pursue Appellant’s defense during the punishment phase in 
an exercise of reasonable professional judgment. An Appellant does not establish 
ineffective assistance in the failure to investigate unless the consequences of 
the failure to investigate is that the only viable defense available to the 
accused is not advanced and that there is a reasonable probability that but for 
counsel’s failure to advance the defense the result of the proceeding would 
have been different. See McFarland v. State, 928 S.W.2d 482, 501 (Tex. 
Crim. App. 1996), cert. denied, 519 U.S. 1119 (1997). Thus, having failed 
to satisfy the first prong of the Strickland test, Appellant cannot 
prevail on his ineffective assistance claim regarding his first point, and this 
court need not reach the second prong. 466 U.S. at 689, 104 S. Ct. at 2065. We 
overrule Appellant’s first point.
        The 
testimony regarding Appellant’s own sexual abuse, rather than affirmatively 
demonstrating the alleged ineffectiveness, instead shows that the decision to 
refrain from presenting evidence about Appellant’s childhood sexual abuse was 
a strategic one made by Appellant’s counsel in the exercise of his 
professional judgment. Appellant’s trial counsel testified that he chose not 
to further develop this evidence because it was a double-edged sword. Finally, 
Appellant claims that counsel was ineffective for failing to present evidence 
that the victim was placed in Appellant’s care against his will. However, 
there is nothing in the record to reflect that counsel was aware of 
Appellant’s reluctance to care for the victim or how the omission of this 
evidence prejudiced Appellant. In fact, Appellant testified that he could not 
remember whether he had discussed his reluctance to babysit the victim with his 
trial attorney.
        When 
counsel’s strategy is based on a reasonable determination that an explanation 
of the client’s history would not help the case, the decision to refrain from 
presenting evidence of mitigation does not constitute ineffective assistance of 
counsel. Burger v. Kemp, 483 U.S. 776, 794-95, 107 S. Ct. 3114, 3126 
(1987). Because the record in this case does not affirmatively demonstrate that 
the strategic decisions made by Appellant’s counsel rendered counsel’s 
representation deficient, Appellant cannot establish a violation of the first Strickland 
prong. In addition, Appellant has not shown that he was prejudiced by 
counsel’s decision to exclude testimony regarding his childhood sexual abuse. 
Under the second Strickland prong, Appellant must show a reasonable 
probability that, but for counsel’s unprofessional errors, the result of the 
proceeding would have been different. 466 U.S. at 694, 104 S. Ct. at 2068. 
Accordingly, we overrule Appellant’s second and third points.
Conclusion
        Because 
Appellant has not shown from the record that his counsel’s performance was 
deficient and that the deficient performance prejudiced his defense at the 
punishment phase of the trial, we overrule Appellant’s complaint of 
ineffective assistance of counsel and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F: HOLMAN, J.; CAYCE, C.J.; and McCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.