RAINES v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-500-CR

MICHAEL SCOTT RAINES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Scott Raines pled guilty to three counts of aggravated sexual assault of a child and one count of indecency with a child.  Following the punishment hearing, the trial court assessed his punishment at life imprisonment and a $5,000 fine.  In three points, Appellant complains that he received ineffective assistance of counsel.  We will affirm.

Ineffective Assistance of Counsel

Standard of Review

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Application

Here, Appellant specifically asserts that he was denied effective assistance of counsel during the punishment phase because his trial counsel failed to present mitigation evidence regarding 1) Appellant’s mental retardation, 2) Appellant’s own history of sexual abuse, and 3) Appellant’s reluctance to have solitary contact with the victim.

The record reveals that Appellant’s counsel explained at the hearing on Appellant’s motion for new trial the strategy behind his decisions to exclude testimony regarding Appellant’s own sexual abuse, and his lack of knowledge regarding Appellant’s mental conditions and reluctance to have contact with the victim.

During the hearing, Appellant testified that he had been classified as a special education student during his entire education and that testing records indicate that he is mildly mentally retarded.  However, he stated that he could not recall whether he specifically mentioned this to his trial counsel.  Appellant contends that trial counsel’s performance was deficient because counsel did not adequately investigate Appellant’s mental health background for purposes of mitigation.  
See Wiggins v. Smith
, 539 U.S. 520-29, 123 S. Ct. 2527, 2534-2540 (2003).

Appellant’s counsel testified that since Appellant’s guilt was not going to be an issue, he chose a strategy that would emphasize that Appellant had accepted responsibility for his conduct and had cooperated with law enforcement.  Moreover, the testimony of Appellant was controverted by the contrary testimony of Appellant’s trial counsel.  Trial counsel indicated that Appellant’s mental history would not have been emphasized unless the mental condition was such that it would have impaired Appellant’s ability to know the differences between right and wrong.  Counsel also testified that “if I had had it,” I would have brought it to the court’s attention, but “I don’t know that I would have emphasized it to any great extent.”  He stated that he had no specific recollection of discussing Appellant’s competency with Appellant, and he testified that “[t]here was never anything that I saw that raised a concern with me that he would have a mental health issue to the extent that he needed to be evaluated.”

As detailed above, the testimony of Appellant and his trial counsel at the hearing on the motion for new trial was in sharp conflict.  Faced with conflicting testimony regarding Appellant’s mental condition, the trial court as finder of fact at the hearing was entitled to assess the credibility of witnesses and believe or disbelieve any testimony presented.  
See Kober v. State
, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999); 
Russell v. State
, 711 S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d).  The record is insufficient to merit a conclusion that Appellant’s trial counsel failed to adequately investigate Appellant’s mental health background.  Apparently, the trial court resolved the conflicts in favor of trial counsel’s version of events.  Nothing in the record indicates that Appellant ever actually told counsel about any type of mental condition.  In fact, he testified that he could not recall whether he mentioned this fact to trial counsel.  Appellant has pointed to nothing in the record that overcomes the presumption that his counsel made his decision to pursue Appellant’s defense during the punishment phase in an exercise of reasonable professional judgment.  An Appellant does not establish ineffective assistance in the failure to investigate unless the consequences of the failure to investigate is that the only viable defense available to the accused is not advanced and that there is a reasonable probability that but for counsel’s failure to advance the defense the result of the proceeding would have been different.  
See McFarland v. State
, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996), 
cert. denied
, 519 U.S. 1119 (1997).  Thus, having failed to satisfy the first prong of the 
Strickland
 test, Appellant cannot prevail on his ineffective assistance claim regarding his first point, and this court need not reach the second prong.  466 U.S. at 689, 104 S. Ct. at 2065.  We overrule Appellant’s first point.

The testimony regarding Appellant’s own sexual abuse, rather than affirmatively demonstrating the alleged ineffectiveness, instead shows that the decision to refrain from presenting evidence about Appellant’s childhood sexual abuse was a strategic one made by Appellant’s counsel in the exercise of his professional judgment.  Appellant’s trial counsel testified that he chose not to further develop this evidence because it was a double-edged sword.  Finally, Appellant claims that counsel was ineffective for failing to present evidence that the victim was placed in Appellant’s care against his will.  However, there is nothing in the record to reflect that counsel was aware of Appellant’s reluctance to care for the victim or how the omission of this evidence prejudiced Appellant.  In fact, Appellant testified that he could not remember whether he had discussed his reluctance to babysit the victim with his trial attorney.

When counsel’s strategy is based on a reasonable determination that an explanation of the client’s history would not help the case, the decision to refrain from presenting evidence of mitigation does not constitute ineffective assistance of counsel.  
Burger v. Kemp
, 483 U.S. 776, 794-95, 107 S. Ct. 3114, 3126 (1987).  Because the record in this case does not affirmatively demonstrate that the strategic decisions made by Appellant’s counsel rendered counsel’s representation deficient, Appellant cannot establish a violation of the first 
Strickland 
prong.  In addition, Appellant has not shown that he was prejudiced by counsel’s decision to exclude testimony regarding his childhood sexual abuse.  Under the second 
Strickland
 prong, Appellant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  466 U.S. at 694, 104 S. Ct. at 2068.  Accordingly, we overrule Appellant’s second and third points.

Conclusion

Because Appellant has not shown from the record that his counsel’s performance was deficient and that the deficient performance prejudiced his defense at the punishment phase of the trial, we overrule Appellant’s complaint of ineffective assistance of counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.