In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00129-CR


______________________________




JAMES LINTON HARVEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33373-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 James Linton Harvey pled guilty to the offense of evading detention by use of a motor
vehicle, a state jail felony. The trial court accepted Harvey's plea; about a month later, after
preparation of a presentence investigation (PSI) report, the trial court sentenced Harvey to one year's
confinement in a state jail facility. 

 A brief recitation of events in this matter will aid in explaining our resolution of this appeal. 
About 12:30 a.m., May 20, 2005, Longview, Texas, police officers were directing traffic near an
apartment fire. A vehicle driven by Harvey approached the scene at a high rate of speed, causing two
officers to run from the road to avoid being struck. Harvey's car hit at least one traffic cone and
came to a stop approximately one foot from a police car. According to the police report admitted
into evidence, Harvey disregarded officers' commands to get out of the vehicle, and instead sped
away. The officers later located Harvey in his apartment. He told them he had had five beers at a
local bar and had then come home and gone to bed. 

 On May 15, 2006, Harvey appeared before the 188th Judicial District Court and pled guilty
to the state jail felony of evading detention by use of a motor vehicle. At least three times Harvey
said he understood that there was no negotiated plea agreement in place and the trial court was not
bound to act on any recommendation the State might make. Harvey unequivocally told the trial court
that he was pleading guilty to evading with a vehicle. The trial court explained to Harvey that the
guilty plea hearing was being conducted by the 188th Judicial District Court and that the judge of
the 124th Judicial District Court would impose the sentence after reviewing a presentence 
investigation (PSI) report. Harvey acknowledged he understood that the sentencing judge would
listen to the recommendations of the State and his counsel, but was not obligated to follow any such
recommendation. 

 A month later, on June 9, 2006, Harvey appeared before the 124th court for sentencing. The
trial court had reviewed a PSI report prepared about Harvey. Harvey, through his attorney, told the
trial court he had no dispute with the contents of the PSI report. Harvey testified that he had pled
guilty to evading detention with a vehicle because he was guilty and that he had understood all the
documents he had signed in May. Harvey clearly said he understood that he was participating in an
open plea, that the trial court was under no obligation to grant his request for community supervision,
and that the court could send him "to state jail up to two years day for day." Under questioning from
his attorney, Harvey admitted being on community supervision twice before and admitted that both
supervisions were revoked. He blamed his immaturity and changing residences without getting
permission for the previous revocations. The prior community supervisions were served when
Harvey was eighteen, then twenty-three years old. He was thirty-one at the time of the instant
proceedings. 

 Harvey raises three issues on appeal: (1) the plea of guilty was involuntary; (2) the trial court
should have sua sponte withdrawn the guilty plea; and (3) the court erred in considering Harvey's
criminal record as contained in the PSI report. We affirm the judgment of the trial court. 

Was the plea of guilty involuntary? 

 Harvey contends that his plea of guilty was involuntarily made. A guilty plea must be freely,
knowingly, and voluntarily made. Brady v. United States, 397 U.S. 742, 748 (1970); Mitschke v.
State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). In considering the voluntariness of a guilty
plea, the court should examine the record as a whole. Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998); see also Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006). When
the record reflects that a defendant was properly admonished, it presents a prima facie showing that
the guilty plea was knowing and voluntary. Martinez, 981 S.W.2d at 197; Ribelin v. State, 1 S.W.3d
882, 884 (Tex. App.--Fort Worth 1999, pet. ref'd). The burden then shifts to the defendant to
demonstrate that his or her plea was not voluntary. Martinez, 981 S.W.2d at 197; Ribelin, 1 S.W.3d
at 884. 

 The 188th court, which heard Harvey's plea of guilty, admonished Harvey that there was no
negotiated plea agreement and that he stood charged with a state jail felony, with a range of
punishment of not less than six months', not more than two years' confinement and a fine of up to
$10,000.00. The trial court noted that Harvey had made an application for community supervision,
but admonished Harvey that the 124th court would sentence Harvey, and that court was under no
obligation to follow any recommendation the State might make. Additionally, Harvey signed
documents by which he waived his right to a jury trial, reading of the indictment, confrontation of
witnesses, and self-incrimination. He agreed to stipulate the evidence against him and judicially
confessed to committing the offense. Harvey received all admonishments required by Article 26.13
of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13. 
Accordingly, the burden shifted to Harvey to demonstrate his plea was not made voluntarily. See
Martinez, 981 S.W.2d at 197. 

 The mere fact that an appellant may have received a higher punishment than he or she
anticipated or hoped does not render the guilty plea involuntary. Thomas v. State, 2 S.W.3d 640, 642
(Tex. App.--Dallas 1999, no pet.). A guilty plea is not involuntary simply because the sentence
exceeded what an accused expected, even if that expectation was raised by his or her attorney. 
Houston v. State, 201 S.W.3d 212, 217-18 (Tex. App.--Houston [14th Dist.] 2006, no pet.); Hinkle
v. State, 934 S.W.2d 146, 149 (Tex. App.--San Antonio 1996, pet. ref'd); Russell v. State, 711
S.W.2d 114, 116 (Tex. App.--Houston [14th Dist.] 1986, pet. ref'd).

 We find that Harvey has not met his burden to demonstrate his plea was involuntary. Harvey
argues that, because the State's attorney stated she originally intended to recommend community
supervision, but later discovered the two previous revocations of misdemeanor offenses and at the
June 9 hearing stated she "would leave it open to the Court" for the appropriate punishment, his plea
was rendered involuntary. However, Harvey had been advised numerous times that there was no
negotiated plea agreement and that any recommendation by either the State or his attorney was not
binding on the court. Apparently, neither the State nor the defense attorney were aware of Harvey's
previous two revocations until the PSI report was completed. Harvey cannot complain that his plea
was involuntary simply because he hoped or expected the court would not have the correct
information concerning his criminal history at the time of sentencing. Harvey participated in the
sentencing hearing and testified he understood the range of punishment. He did not object to the
criminal history concerning his misdemeanor revocations being part of the PSI report. During the
hearing, Harvey explained the circumstances leading to the revocations. There is nothing to indicate
the plea of guilty was not entered freely and voluntarily by Harvey. We overrule this point of error. 

Was the trial court required to sua sponte withdraw the plea of guilty? 

 Harvey also claims on appeal that the trial court had an obligation, sua sponte, to withdraw
Harvey's plea of guilty. Harvey bases this argument on his testimony at the June 9 sentencing
hearing, where he testified that he did not hear the officers yelling for him to stop his vehicle and that
he thought the officers were waving at him to slow down, not stop. Harvey said he did not see any
officers following him, and that if he had "seen any police car behind [him] with lights on [he] would
have stopped." 

 The Texas Court of Criminal Appeals addressed a similar situation in Mendez v. State. (1) 
There, the defendant pled guilty to murder before the jury and trial court. When Mendez testified
at the guilt/innocence phase, he insisted he had not intended to kill his victim, only scare her. Id. at
336-38. When Mendez claimed on appeal the trial court was obliged, sua sponte, to withdraw his
plea of guilty, the Texas Court of Criminal Appeals conducted an in-depth review of the nature of
the alleged error and pointed out that Mendez had not preserved his complaint before the trial court
and had raised his point of error for the first time on appeal. Having failed to raise this complaint,
Mendez had preserved nothing for appeal. Id. at 350. 

 Mendez controls Harvey's situation. Although Harvey filed a motion for new trial, it only
listed the general grounds that "material error" had somehow been committed which was calculated
to injure Harvey's rights, and the verdicts on guilt/innocence and at punishment were contrary to the
evidence. To support his appellate argument, Harvey relies on Burke v. State. (2) In Burke, the
appellate court found the trial court should have, sua sponte, withdrawn Burke's plea of guilty when
there was evidence that Burke had not known, at the time of his plea, the State had to prove he had
"consciously disregarded a substantial and unjustifiable risk that his actions in failing to stop at a red
light while operating a motor vehicle would cause serious bodily injury to another." Id. at 91. 
However, the Burke case was decided before the opinion of the Texas Court of Criminal Appeals
in Mendez. In Burke, the court of appeals found that:

 The rule is well established in this state that in any case where evidence is
introduced that reasonably and fairly raises an issue as to the innocence of the
accused and such evidence is not withdrawn, the defendant's guilty plea must be
withdrawn and a plea of not guilty must be sua sponte entered by the trial court. The
rule applies even though the defendant makes no effort during the trial to withdraw
his plea of guilty, makes no objection to the court's charge instructing the jury to
render a verdict of guilty, and even though the defendant's testimony shows him to
be guilty of the offense. 

Id. at 96. The final sentence of the "rule" quoted by the Fort Worth court was modified by the Texas
Court of Criminal Appeals in Mendez. The Mendez opinion holds that, when a trial court has
properly admonished a defendant and the defendant has freely and voluntarily entered a plea of
guilty, and waived the right to plead not guilty, it is incumbent on the defendant to timely seek to
withdraw such a plea. Failing to do so, the defendant may not complain for the first time on appeal
that the trial court did not do it for him or her. Mendez, 138 S.W.3d at 350. 

 The point of error is overruled. 

Did the trial court err in considering Harvey's prior misdemeanor revocations? 

 Harvey complains that it was error for the trial court to consider, at sentencing, that he had
previously been placed on community supervision for misdemeanor offenses, and that those
supervisions were eventually revoked. Harvey did not raise this complaint to the trial court and,
therefore, it was forfeited. However, if the issue had been preserved, it would not be meritorious. 

 At the June 9 sentencing, Harvey affirmatively stated to the trial court he had no dispute with
the contents of the PSI report (the PSI report does not appear in the record presented to this Court). 
Harvey complains that the PSI report was not filed as an exhibit to the trial record, that the
misdemeanor convictions were not certified, and that the State did not prove the existence of such
extraneous offenses beyond a reasonable doubt as required by Article 37.07, § 3(a)(1). See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006). The argument regarding the necessity
to prove prior convictions beyond a reasonable doubt with certified judgments has recently been
addressed by this Court. We explained that the Texas Court of Criminal Appeals in Fryer v. State (3)
held that Article 37.07 gives the trial court explicit authority to consider a PSI report for general
punishment assessment purposes. Bell v. State, 155 S.W.3d 635, 637 (Tex. App.--Texarkana 2005,
no pet.). The Fryer case quoted an opinion in which Presiding Judge Onion opined that following
the amendment to Article 37.07, a PSI report containing otherwise inadmissible evidence could now
be considered even when containing reports of arrests not resulting in final convictions, pending
indictments, and hearsay statements. Fryer, 68 S.W.3d at 632. In the event the defendant believes
that inaccurate information is contained in the PSI report, he or she is allowed to prove that such
information is inaccurate. Bell, 155 S.W.3d at 639. Here, Harvey was asked if he had any objections
to the PSI report; he registered none. 

 Harvey further argues that the criminal convictions were not properly authenticated by the
use of certified copies of the judgments. We explained further in Bell that the statute does not
require that the PSI report contain certified copies of the offenses. "Article 42.12 , Section 9
expressly provides that the PSI should contain the 'criminal and social history of the defendant.'" Id.
at 638; see Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon 2006). It clearly does not require
offenses contained in the criminal history to be certified. Nonetheless, the trial court is specifically
authorized by statute to consider the contents of the PSI report. Bell, 155 S.W.3d at 638 (citing
Nicolopulos v. State, 838 S.W.2d 327, 328 (Tex. App.--Texarkana 1992, no pet.)). The Texas Court
of Criminal Appeals has very recently held that no specific document or mode of proof is required
to prove prior convictions. See Flowers v. State, No. PD-1081-06, 2007 Tex. Crim. App. LEXIS
428, at *7 (Tex. Crim. App. Apr. 18, 2007).

 Finally, the fact that the PSI report was not filed for record is not erroneous. The statute
appears to prevent a PSI report from being routinely filed with the clerk's records. The report is not
to be disclosed to "any person" unless the defendant pleads guilty or, in writing, authorizes the judge
to inspect the report. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c). Here, Harvey had entered a
guilty plea and it was proper for the trial court to inspect the report, but there is no requirement in
the statute that the report must be offered into evidence before the trial court may consider it ("after
considering the report . . . he shall forthwith announce his decision in open court as to the
punishment to be assessed"). Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon 2006). The
law provides that the defendant and counsel shall be allowed to read the report and comment on it
or introduce evidence of a factual inaccuracy in the report. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(e) (Vernon 2006). Here, the record discloses that Harvey and his counsel had reviewed the PSI
report and advised the court that there were no objections to it. We find no error. 


 We overrule this point of error and affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: March 27, 2007

Date Decided: April 26, 2007


Do Not Publish

1. 138 S.W.3d 334 (Tex. Crim. App. 2004).
2. 80 S.W.3d 82 (Tex. App.--Fort Worth 2002, no pet.).
3. 68 S.W.3d 628 (Tex. Crim. App. 2002).