Affirmed and Memorandum Opinion filed August 7, 2007








Affirmed
and Memorandum Opinion filed August 7, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

 NO. 14-06-00113-CR

 NO. 14-06-00114-CR

____________

 

GALEN DANYAL PROCTOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 344th
District Court 

Chambers County, Texas

Trial Court Cause Nos. 12161 &
12162

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Galen Danyal Proctor, appeals from two judgments
of conviction for the offenses of unlawful possession of a firearm and
possession of a controlled substance with intent to deliver. Tex. Health &
Safety Code Ann.' 481.114 (Vernon 2003); Tex. Penal Code Ann. ' 46.04 (Vernon
2003).  Appellant entered a plea of nolo contendere to each of the two
indictments, without an agreed sentencing recommendation.  The trial court
found appellant guilty in both cases.  After a pre-sentence investigation, the
trial court assessed punishment at ten years= confinement in
the Texas Department of Criminal Justice, Institutional Division, for each
offense.  The trial court ordered the sentences to run concurrently.  In two
issues, appellant argues his nolo contendere plea was involuntarily and he
received ineffective assistance of counsel.  We affirm.  

Discussion

I.
Voluntariness of Appellant=s Plea

In his first issue, appellant argues his plea was
involuntary because his trial counsel Aled appellant to
believe@ that the trial
court would grant deferred adjudication if appellant entered a plea of nolo
contendere.  We recognize that a guilty plea  must be entered voluntarily and
freely.  Tex. Code Crim. Proc.
Ann. art. 23.16(b) (Vernon Supp. 2006); Houston v. State, 201 S.W.3d.
212, 217 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  In
considering the voluntariness of a guilty plea, we examine the record as a
whole.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 
A showing in the record that a defendant was properly admonished by the trial
court before a guilty plea was entered creates a prima facie showing that the
plea was entered knowingly and voluntarily. Id.  The burden then shifts
to the defendant to show that he entered the plea without understanding the
consequences of his action and was harmed as a result.  Ex Parte Gibauitch,
688 S.W.2d 868, 871 (Tex. Crim. App. 1985);  Houston, 201 S.W.3d. at
217.  A defendant who was properly admonished by the trial court bears
the heavy burden of proving that his plea was entered involuntarily.  Martinez,
981 S.W.2d at 196B97.








The record shows appellant signed written plea
admonishments in compliance with article 26.13(a) of the Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2006).  During the plea
hearing, appellant testified that his attorney fully explained the written plea
admonishments, and appellant understood every admonition, warning, and waiver
contained therein.  Appellant was also orally admonished by the trial court
regarding the nature of the charges against him, the range of punishment he
would face if convicted, and the fact that he could be found guilty based upon
his plea of nolo contendere.  Appellant testified he understood each of the
trial court=s oral admonishments.  Appellant further testified his
pleas of nolo contendere were given freely and voluntarily, and were not the
result of coercion or threats.  Hence, there is a prima facie showing that
appellant=s pleas were entered voluntarily and knowingly, and
appellant bears the heavy burden of proving his pleas were involuntary.  Martinez,
981 S.W.2d at 197.  

Because there was no motion for new trial in this case,
appellant=s burden is compounded by the absence of a record
regarding this issue.  Our review of the clerk=s record and
reporter=s record shows
that appellant filed a motion for deferred adjudication and gave testimony in
support of his motion at his sentencing hearing.  However, there is no evidence
that appellant=s trial counsel coerced appellant or promised
appellant he would receive a sentence of deferred adjudication if he entered a plea
of nolo contendere.  See Cantu v. State, 988 S.W.2d 481, 484 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d) (holding appellant failed to overcome
presumption of voluntariness where the record contained no evidence appellant=s trial counsel
promised he would receive a sentence of probation).  Further, a  plea is not
involuntary simply because the sentence exceeded what an accused expected, even
if that expectation was raised by his attorney.  Russell v. State, 711
S.W.2d 114, 116 (Tex. App.CHouston [14th Dist.] 1986, pet. ref=d).  Therefore,
based on our review of the record as a whole, we find appellant has failed to
meet his burden of proving that his plea was entered involuntarily.  Appellant=s first issue is
overruled.

II.
Ineffective Assistance of Counsel








In his second issue, appellant asserts his trial counsel
rendered ineffective assistance Aby misleading
appellant into believing that he would receive deferred adjudication from the
trial court.@  In reviewing claims of ineffective assistance of
counsel, we apply a two prong test.  Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).  To establish
ineffective assistance of counsel, appellant must prove by a preponderance of
the evidence that (1) his trial counsel=s representation
was deficient in that it fell below the standard of prevailing professional
norms, and (2) there is a reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.  There is a strong
presumption that counsel=s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  Salinas, 163
S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  To overcome the presumption of
reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).           

There was no motion for new trial, and there is no
indication in the record that appellant=s trial counsel
misled appellant or assured appellant he would receive deferred adjudication if
he pleaded nolo contendere.  To find that appellant=s trial counsel
was ineffective based on the record in this case would call for speculation,
which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).  Appellant=s second issue is overruled.

Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Opinion filed August
7, 2007.

Panel consists of Justices Yates, Anderson,
and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).